{¶ 30} I concur in the majority's decision to reverse and remand this case for a new trial. However, unlike the majority, upon remand I would exclude evidence not only of the trooper's statistical grading of Appellant's performance on the field sobriety tests ("FST"), but also the trooper's observations of Appellant's performance during those tests.
 {¶ 31} The legislature's use of the term "results" in R.C. 4511.19(D)(4)(6) is not further defined. Does the term "results" include observations during performance or only refer to quantifiable conclusions based thereon? Because R.C. 2901.04 mandates criminal statutes be strictly construed against the State, I believe all testimony concerning the administration of the field sobriety tests should be excluded given the trial court's finding there was not substantial compliance with the NHTSA standards.[4]
[4] Although I concurred in this Court's decision in State v.Grove, (July 9, 2002), Fairfield App. No. 01-CA-41, upon reconsideration, I question whether it should be applied in cases concerning compliance with NHTSA standards. While many alleged deviations from the OAC may be discernable from review of documents on file at breath testing cites, evidence of compliance with NHTSA standards requires testimony from the administering officer. Depositions and interrogatories are not available to be used to establish specificity. I would limit this Court's holding in Grove to reflect this distinction. *Page 1